## BONNE & AL. vs. POWERS.

The Spanish law did not require that all the formalities necessary to give effect to a will should appear on the face of it.

If a will be not void, but voidable, no one but the heir at law can take advantage of the defect.

A sale not signed by the vendor, cannot be the basis of the prescription of ten years.

In prescription, a *just title* is necessarily the basis of good faith.

APPEAL from the parish court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The petitioners, as heirs of P. Bonne, deceased, claim from the defendant, a tract of land, situated in the parish of New Orleans, of twenty arpents front; which they allege he has taken possession of without any title.

The defendant pleads,

1. That the plaintiffs are not as they style themselves, the natural children of P. Bonne.

2. That they are not free persons, being born from a woman slave at the time of their birth.

3. That they are not, as they state they are, testamentary heirs of P. Bonne.

4. That he has been in possession of the premises in question, for more than ten years, in virtue of a just title, and with good faith.

5. That the plaintiffs have received from their mother, the price of the property sued for.

6. That all and singular, the allegations, contained in the petition are untrue.

The court below decreed the land to the plaintiffs; but condemned them to pay the pur-

chase money, on the ground that they were
heirs of their mother, from whom the defendant had bought.

The defendant appealed, and the plaintiffs have asked in this court that they be relieved against that part of the judgment which directs them to pay the original purchase money to the appellant.

The first and second points made by appellant, have been abandoned on the argument. In support of the third, he has principally relied on alleged defects in the last will and testament of the plaintiff's ancestor, by which they were instituted his heirs. The principal objection has been drawn from a rule of the Spanish law, which requires, that in case the testator does not speak, nor understand the language of the notary, the public interpreter shall be called in; and in case there is no public interpreter in the place, some other person who understands the language shall be required to assist at the making of the will, and that such person shall be duly sworn to faithfully explain the declarations of the person desirous to make his will. *Febrero, p. 1, cap. 1, § 28, no.* 297.

It is said that it does not appear on the face

East'n. District.
*March* 1825,

BONNE & AL.
*vs.*
POWERS.

of the testament, the person who assisted as interpreter was a public officer of the government, or if he was not, that he was duly sworn according to law.

The will was made in the year 1799, before the change of government. The Spanish law did not require, as our code does, it should appear on the face of the instrument itself, that all the formalities necessary to give effect to a will, previous to the signature of the testator and the witnesses had been complied with. Proof of this could be received, when the testament was admitted to probate, and the execution ordered. This we are bound to presume was furnished, when the competent authority directed the will, under which the heirs claim, to be carried into effect. So long as this judgment remains unreversed, and the validity of the will unimpeached by the heirs at law, we apprehend that a third person who detains the property of the deceased has not a right to contest it. The rule of *res inter alios acta non nocet* does not apply to a case like this. The will is not introduced *per se* as binding on the rights of third parties, but as a fact in tracing title, as constituting a part of the muniments of an estate. If it were on the face of it absolutely

null and void, it would then perhaps give rise to a different question, the party in possession might say, it could produce no effect, *hic tuus titulus, revera titulus non est.* What you offer does not, nor cannot transfer the right of your ancestor, and therefore you cannot claim from me, what belonged to him. But this will is not on the face of it null and void, it is merely voidable. It therefore does transfer the right of the ancestor, unless set aside and annulled, by those to whom the succession would have devolved, in case the testament had been made. *Merlin's Rep. de juris. vol.* 8, *verbo nullité,* 660 § 3. *Breedlove and Bradford* vs. *Turner,* 9 *Martin,* 377, *Barr* vs. *Gratz,* 4 *Wheaton,* 213, 220.

The next question to be decided, is presented by the plea of the defendant, that he has acquired a title to the premises by prescription. As thirty years have not elapsed since he entered into possession, it is necessary for the validity of this pretension, that he should shew a just title, and good faith. In support of the first, which is necessarily the basis of the latter, he presents a public act, which purports, that the testamentary executrix of the will under which the plaintiffs claim, and one Francisco de Rua, her attorney in fact, had

East'n. District.
*March* 1825.

BONNE & AL,
*vs.*
POWERS.

sold to the defendant the premises now in dispute, as part of the succession of the ancestor of the petitioner. To this title the plaintiffs have objected, and we think correctly, that the instrument not being signed by the executrix, nor by any person for her, it is null, and cannot be a just title, on which to base prescription.

The last point is disposed of, by that just decided. The act is no better evidence of the receipt of the purchase money, than it is of the sale. One of the heirs, Rosette, having discontinued since the commencement of this action; judgment must be rendered in favor of those who have persisted in their claim.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be reversed, avoided and annulled, and, proceeding to give such judgment here, as in our opinion ought to have been given in the court below, it is ordered and decreed, that the plaintiffs, Jean Baptiste, Jacques, Charles, Manuel, and Adelaide, do recover of the defendant, five-sixths of the premises claimed in the petition, with costs in both courts.

*Morel* for the plaintiffs, *Dennis* for the defendant.